IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE DIAZ, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-14-1858 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Jesse Diaz filed a *pro se* section 2254 habeas petition challenging his conviction for aggravated robbery with a deadly weapon. Respondent filed a motion for summary judgment on September 24, 2014 (Docket Entry No. 13), and served petitioner a copy at his address of record on that same date. To-date, and despite expiration of a reasonable period of time in excess of nine months, petitioner has failed to respond to the motion, and the motion is uncontested.

Based on consideration of the pleadings, the motion, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment, **DENIES** habeas relief, and **DISMISSES** this lawsuit for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to the offense of aggravated robbery with a deadly weapon and was sentenced to eight years' incarceration. No direct appeal was taken. Petitioner's application for state habeas relief was denied.

Petitioner raises two claims for ineffective assistance of trial counsel, arguing that counsel was ineffective in advising him to plead guilty without first interviewing the witnesses or performing a thorough investigation of the case.

Respondent correctly argues that petitioner's first instance of ineffective assistance was not presented to the state court, is unexhausted, and has been procedurally defaulted. However, because petitioner's defaulted claim is without merit, the Court will address the merits of both of petitioner's claims.

## II. THE APPLICABLE LEGAL STANDARDS

### A. Habeas Review

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

3

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.  <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

The Supreme Court recently emphasized in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 101 (internal quotation omitted).

In the instant case, petitioner claims that trial counsel was ineffective in failing to investigate the case and speak with the witnesses prior to advising petitioner to enter a guilty

6

plea. In responding to these claims, trial counsel submitted an affidavit to the state court on collateral review, in which he testified as follows:

> On multiple occasions I discussed with my client, [the petitioner], the evidence of the case, [his] rights, options and trial and general strategies. We discussed the nature of the case, whether to proceed to trial and possible plea agreements. [Petitioner] had no criminal history, was an alter [sic] boy, worked and was on the honor roll. He was charged with aggravated robbery with two codefendants in a case where multiple shots were fired at the complaining witness. We discussed all options from a plea bargain to a trial. I encouraged [petitioner] to keep an open mind to all options. [Petitioner] was clear throughout the process that he had no interest in a jury trial. He chose to plea[d] guilty freely and voluntarily understanding the evidence that the state intended to use against him and the strengths and weaknesses of their case.
>
> [Petitioner] had a clear understanding of his options and consequences before him throughout the process. [He] proceeded knowingly and voluntarily at each stage including the guilty plea and decision to proceed to a presentence investigation. We discussed the risk and strategy of entering a plea bargain, pleading guilty to a PSI or proceeding to trial either as a straight plea of not guilty or a plea of guilty but with jury punishment. [Petitioner] had an understanding of his options and made his decision knowingly and voluntarily.
>
> I never informed the client that he would receive a 30 year sentence if he did not plead guilty. I discussed the range of punishment for aggravated robbery. I do not make it a practice to come up with random numbers of what a client could possibly get from a jury. In this particular case [petitioner] was clear he did not which [sic] to proceed to a jury trial.
>
> I did not promise [petitioner] that he [sic] receive probation from the court. I have never in my practice promised a client that they would receive a particular punishment from either a judge or jury.
>
> As is my practice in all of my cases, I investigated [petitioner's] case. I reviewed the State's offense report, statements, co-defendants and witness criminal history, photos and forensic examination reports regarding the firearms recovered in the case. My investigation was not limited in any way.

*Ex parte Diaz*, pp. 70–71.

7

In rejecting petitioner's claims of ineffective assistance of counsel, the state trial court found trial counsel's affidavit credible and made the following relevant findings of fact on collateral review:

29. [Trial counsel] properly investigated the primary case.

30. [Trial counsel] reviewed the State's offense reports, all statements, codefendant criminal history and other relevant information, witness criminal history and other relevant information, all photos, forensic examination reports and ballistic reports, and spoke with the applicant and gathered character letters in preparation for the PSI.

31. The applicant does not allege what a more in-depth investigation would have revealed.

32. The applicant does not show that the witnesses, whom counsel allegedly did not interview, were available to testify for the defense, and that their testimony would have benefitted the defense's case.

33. [Trial counsel's] investigation of the primary case was not limited in any way.

34. The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

35. The applicant fails to allege that, but for the counsel's alleged error, he would not have pled guilty but would have insisted on going to trial.

36. The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel at trial.

37. The applicant elected to enter into the guilty plea to the trial court without an agreed recommendation on punishment.

38. The applicant's guilty plea was knowing and voluntary.

> 39. The applicant was admonished in accordance with the law by the trial court.
>
> 40. The trial court held a PSI hearing on October 25, 2012.
>
> 41. The applicant pled guilty and acknowledged that he is guilty of aggravated robbery with a deadly weapon.
>
> 42. [Trial counsel] reviewed the PSI report with the applicant and the applicant understood it.
>
> 43. The applicant conceded that he placed the complaining witnesses's life in danger.
>
> 44. The applicant conceded that he held the 20-gauge shot gun and pointed it at the complaining witness at the time of the offense.
>
> 45. The applicant retrieved the 20-gauge shot gun from home and then proceeded with his co-defendants to rob the complaining witness.
>
> 46. The applicant's co-defendants fired multiple shots towards the complaining witness and the complaining witness's brother.
>
> 47. [Trial counsel] appealed to the court to show the applicant mercy in its sentencing decision.
>
> 48. The trial court was merciful and sentenced the applicant to the low end of the punishment range.
>
> 49. [Trial counsel]'s representation of the applicant was effective.

*Ex parte Diaz*, pp. 143–45 (record cites omitted). The trial court also made the following relevant conclusions of law on collateral review:

> 2. The applicant fails to allege sufficient facts, which if true, would entitle him to relief. The applicant fails to allege sufficient facts to demonstrate that his trial counsel was ineffective.

9

3. The applicant fails to show that the conduct of counsel fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

4. To prevail on a claim of ineffective assistance where the applicant pled guilty, the applicant must allege that but for the counsel's error, he or she would not have pled guilty and would have insisted on going to trial.

5. When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case.

6. The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused.

7. The court will not use hindsight to second-guess a tactical decision made by trial counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness.

8. The presentation of the defense's case is essentially strategy and thus within the trial counsel's domain. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

9. The applicant claims that counsel did not investigate the case but fails to demonstrate what a more in-depth investigation would have shown.

10. Even assuming, *arguendo*, that defense counsel limited his investigation, an attorney's decision to limit the investigation may be reasonable under the circumstances.

11. There is a strong presumption that defense counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect.

> 12. The applicant's conclusory allegation that counsel did not investigate is insufficient to overcome the presumption that counsel conducted a proper investigation, and therefore insufficient for habeas relief.
>
> 13. The applicant fails to list the names of the alleged witnesses that counsel allegedly failed to interview, and the applicant fails to meet his burden of showing that, not only were they available, but also how their testimony would have benefitted the applicant.
>
> * * * *
>
> 16. The applicant fails to prove that, but for counsel's conduct, the applicant would have received probation, or would have received a lesser confinement sentence.
>
> * * * *
>
> 22. The applicant does not overcome the presumption of voluntariness created by the trial court's written admonishments, and fails to establish facts necessary to prove that he pled guilty based upon coercion from any source.

*Id.*, pp. 146–150 (citations omitted). The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

It is well established that a valid guilty plea waives all non-jurisdictional defects, including an ineffective assistance of counsel claim, unless the ineffective assistance claim affects the voluntariness of the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). To prevail on a claim for ineffective assistance of counsel, petitioner must prove that his counsel's performance was deficient and that, had it not been for the deficient performance, he would have insisted on going to trial. *See Arnold v. Thaler*, 630 F.3d 367, 368–72 (5th Cir. 2011) (setting forth analysis for a claim of ineffective assistance of counsel based on a

guilty plea); *Armstead v. Scott*, 37 F.3d 202, 206–07 (5th Cir. 1994) (describing a petitioner's burden of proving that counsel's performance was deficient and that prejudice resulted). Petitioner makes no such allegations, and does not attack the voluntariness of his guilty plea. Consequently, his conclusory complaints regarding counsel's investigation and trial preparation provide him no basis for habeas relief in the instant proceeding.

Moreover, a habeas petitioner alleging inadequate investigation must show specifically what additional investigation would have uncovered and how his defense would have thereby benefitted. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993). Petitioner contends that trial counsel did not interview the witnesses; however, he fails to present probative evidence of what these individuals would have stated and how he was prejudiced by counsel's alleged failure to interview them. Petitioner's bare, conclusory assertions that additional investigation was necessary and that witnesses should have been interviewed are insufficient to warrant federal habeas relief. *See Ross v. Estelle*, 694 F. 2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Petitioner established neither deficient performance nor actual prejudice under *Strickland* in context of his guilty plea and sentencing.

The state court on collateral review rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the

state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

## IV.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on  JUL 1 0 2015 .

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE